**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-20-0000075**
**11-DEC-2020**
**07:51 AM**
**Dkt. 62 SO**

NO. CAAP-20-0000075

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
JOSHUA YAMASHITA, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CASE NOS. 2CPC-17-0000133, 2CPC-17-0000905, 2CPC-17-0000986,
2CPC-18-0000215, 2CPC-18-0000321, 2CPC-18-0000632,
2CPC-18-0000792, and 2CPC-18-0000828)

**SUMMARY DISPOSITION ORDER**
(By: Ginoza, Chief Judge, Leonard and Hiraoka, JJ.)

Defendant-Appellant Joshua Yamashita (**Yamashita**) was
convicted of various crimes in eight cases filed in the Circuit
Court of the Second Circuit:

2CPC-17-0000133
2CPC-17-0000905
2CPC-17-0000986
2CPC-18-0000215
2CPC-18-0000321
2CPC-18-0000632
2CPC-18-0000792
2CPC-18-0000828

Yamashita appeals from: **(1)** the "Order of Resentencing; Revoca-
tion of Probation; Notice of Entry" (**Order of Resentencing**)
entered in 2CPC-17-0000133 (the **First Case**) on May 31, 2019;
**(2)** the "Judgment; Conviction and Sentence; Notice of Entry"
entered in each of the other seven cases (the **Other Cases**) on

May 31, 2019 (collectively, **Judgments**); and **(3)** the "Findings of Fact and Conclusions of Law; Order Granting in Part and Denying in Part Defendant's Motion to Reconsider Sentence" entered in all eight cases on January 15, 2020 (collectively, **Reconsideration Orders**).[1]  For the reasons explained below, we affirm the Order of Resentencing, the Judgments, and the Reconsideration Orders.

## BACKGROUND

In the First Case, Yamashita was charged with Unauthorized Control of Propelled Vehicle in violation of Hawaii Revised Statutes (**HRS**) § 708-836.  He pleaded no contest.  On August 23, 2017, he was convicted and sentenced to four years of probation, with the special condition that he serve 55 days in prison with credit for time served.[2]  He was also ordered to pay $1,000 in punitive restitution to the clerk of the court, $105 in Crime Victim Compensation (**CVC**) fees, $150 as a Probation Service Fee, and $100 as an Internet Crimes Against Children (**ICAC**) fee.

Between November 20, 2017, and October 30, 2018, Yamashita was charged with various offenses in the seven Other Cases.  He entered pleas of not guilty in all of the cases except 2CPC-18-0000828 (the **Last Case**).  On November 2, 2018, before the arraignment and plea hearing in the Last Case, Yamashita entered into a global plea agreement with the State.  Yamashita pleaded no contest or admitted to 26 counts in the Other Cases; the remaining counts were dismissed with prejudice.  Under the plea agreement, Yamashita also admitted to violating the terms and conditions of probation in the First Case, and agreed to be resentenced.

On May 31, 2019, the circuit court entered the Order of Resentencing in the First Case.  Yamashita's probation was revoked; he was resentenced to serve five years of incarceration with credit for time served, and to pay $1,000 in restitution as

---

[1]     The Honorable Rhonda I.L. Loo signed the orders and judgments being appealed.

[2]     The Honorable Richard T. Bissen, Jr. signed the judgment.

a free-standing order, $105 as a CVC fee, and $100 as an ICAC fee.  In the Other Cases, the circuit court entered the Judgments; Yamashita was sentenced to various periods of incarceration, the longest of which was five years, all to be served concurrently with each other and with the sentence in the First Case.  In the Other Cases the circuit court also sentenced Yamashita to pay a total of $1,710 in fines; $8,767.20 in restitution; $2,075 in CVC fees; $2,500 in ICAC fees; and $100 as a Drug Demand Reduction (**DDR**) assessment.

On July 28, 2019, Yamashita filed a motion to reconsider his sentence in each of the eight cases.  On January 15, 2020, the circuit court entered the Reconsideration Orders.  The circuit court waived payment of the ICAC fees in the Other Cases, but otherwise denied reconsideration.

This appeal followed.

## STANDARDS OF REVIEW

### A.    Sentencing

> A judge has broad discretion in matters related to sentencing.  Accordingly, a trial court's sentencing or re-sentencing determination will not be disturbed absent a plain and manifest abuse of discretion in its decision.  The trial court abuses its discretion when it clearly exceeds the bounds of reason or disregards rules or principles of law or practice to the substantial detriment of a party litigant.

State v. Pulgados, ___ Hawaiʻi ___, ___ P.3d ___, No. CAAP-19-0000577, 2020 WL 6375183, at *3 (App. Oct. 30, 2020) (cleaned up).

### B.    Findings of Fact

We review the circuit court's findings of fact under the clearly erroneous standard.  A finding of fact is clearly erroneous when the record lacks substantial evidence to support the finding, or despite the evidence to support the finding, we are left with a definite and firm conviction that a mistake has been committed. Pulgados, 2020 WL 6375183, at *3.  "[U]nchallenged findings of fact are binding upon this court."

3

State v. Rodrigues, 145 Hawaiʻi 487, 494, 454 P.3d 428, 435 (2019) (cleaned up) (citation omitted).

### C.   Conclusions of Law

A [conclusion of law] is not binding upon an appellate court and is freely reviewable for its correctness.  This court ordinarily reviews [conclusions of law] under the right/wrong standard. Thus, a [conclusion of law] that is supported by the trial court's findings of fact and that reflects an application of the correct rule of law will not be overturned.  However, a [conclusion of law] that presents mixed questions of fact and law is reviewed under the clearly erroneous standard because the court's conclusions are dependent upon the facts and circumstances of each individual case.

State v. Reis, 115 Hawaiʻi 79, 84, 165 P.3d 980, 985 (2007) (cleaned up) (citations omitted).

### D.   Constitutionality of Statutes

The constitutionality of a statute is a question of law which is reviewable under the right/wrong standard. Additionally, where it is alleged that the legislature has acted unconstitutionally, this court has consistently held that every enactment of the legislature is presumptively constitutional, and a party challenging the statute has the burden of showing unconstitutionality beyond a reasonable doubt.  The infraction should be plain, clear, manifest, and unmistakable.

State v. Adcock, 148 Hawaiʻi 308, 315, 473 P.3d 769, 776 (App. 2020) (cleaned up) (citing State v. Calaycay, 145 Hawaiʻi 186, 197, 449 P.3d 1184, 1195 (2019)).

### DISCUSSION

Yamashita contends that the circuit court erred by: **(1)** concluding that he will be able to pay the CVC fees and DDR assessment; and **(2)** imposing the CVC fees and DDR assessment pursuant to an unconstitutional delegation of the legislature's taxation power.

1. **Ability to Pay**

A. **CVC fees**

CVC fees are assessed under HRS §§ 706-605(6) (Supp. 2018) and 351-62.6 (2015):

> **§706-605 Authorized disposition of convicted defendants.**
>
> . . . .
>
> (6) The court shall impose a compensation fee upon every person convicted of a criminal offense pursuant to section 351-62.6; provided that the court shall waive the imposition of a compensation fee if it finds that the defendant is unable to pay the compensation fee. When a defendant is ordered to make payments in addition to the compensation fee, payments by the defendant shall be made in the order of priority established in section 706-651.[3]
>
> **§351-62.6 Compensation Fee.** (a) The court shall impose a compensation fee upon every defendant who has been convicted or who has entered a plea under section 853-1 and who is <u>or will be</u> able to pay the compensation fee. The amount of the compensation fee shall be commensurate with the seriousness of the offense as follows:
>
> > (1) Not less than $105 nor more than $505 for a felony;
> >
> > (2) $55 for a misdemeanor; and
> >
> > (3) $30 for a petty misdemeanor.
>
> The compensation fee shall be separate from any fine that may be imposed under section 706-640 and shall be in

---

[3] HRS § 706-651 (Supp. 2018) provides:

**Payments by defendant; order of priority.** When a defendant is ordered to make payments pursuant to chapters 351, 706, 846F, and 853, or as otherwise provided by law, payments shall be made in the following order of priority:

> (1) Restitution;
>
> (2) Crime victims compensation fee;
>
> (3) Probation services fee;
>
> (4) Human trafficking victim services fee;
>
> (5) Other fees, including but not limited to internet crimes against children fee and drug demand reduction assessment fee;
>
> (6) DNA analysis monetary assessment; and
>
> (7) Fines.

addition to any other disposition under this chapter; provided that the court shall waive the imposition of a compensation fee if the defendant is unable to pay the compensation fee. Moneys from the compensation fees shall be deposited into the crime victim compensation special fund under section 351-62.5.

> (b)     The criteria of section 706-641 may apply to this section. In setting the amount of the compensation fee to be imposed, the court shall consider all relevant factors, including but not limited to:

> (1)     The seriousness of the offense;

> (2)     The circumstances of the commission of the offense;

> (3)     The economic gain, if any, realized by the defendant;

> (4)     The number of victims; and

> (5)     The defendant's earning capacity, including future earning capacity.

> (c)     The compensation fee shall be considered a civil judgment.

(Underscoring added.)

Yamashita argues that the circuit court should not have imposed CVC fees upon him because he "is impoverished" and "indigent." But he has not challenged the following findings of fact, which are binding on him and upon us:

> 15.     On October 28, 2019, [Yamashita] testified that he was twenty-nine (29) years old and incarcerated at Halawa Correctional Facility (hereinafter referred to as "Halawa"), where he had been for the past year.

> 16.     [Yamashita] further testified that he was single with two daughters, had the equivalent of a high school diploma (hereinafter referred to as "GED"), and that his last paying job outside of prison was with a roofing company in 2015.

> 17.     According to [Yamashita]'s Application for Legal Services (Defense's A received into evidence at the hearing), [Yamashita] currently received approximately $100 per month from his mother into his income account at Halawa. He also earned approximately $15-$20 per month from working for 25 cents per hour for approximately 35 hours per week in a plumbing job at the facility. In sum, his monthly income at the time of his testimony was between $115 and $120.

> 18.     Also provided by [Yamashita] in his testimony and as part of Defense's A was his liabilities. [Yamashita] testified to paying $100 per month for child support payments and $30 per month for restitution, fines, and fees related to the cases for which he is serving the five (5)

6

year prison term. He testified that other than these debts, he had no other expenses.

19. [Yamashita] testified that his account at Halawa does not have money left over in it after the withdrawals for child support payments, restitution, fines, and fees in his criminal cases. He testified that he had no other assets than his income.

20. [Yamashita] testified that he voluntarily applied for his plumbing job at Halawa because he wanted to work.

21. [Yamashita] testified that he was in good health and faced no kind of medical issue that would prevent him from working. He further testified that if he should be released from prison or placed on parole it would be his intent and within his capacity to work full time and support his two daughters and pay his Court ordered restitution, fines, and fees.

Yamashita also does not challenge conclusion of law (**COL**) no. 14, which is actually a finding of fact:

14. The Court finds that [Yamashita]'s plumbing job at Halawa will provide him with training and a skillset that will allow him to become gainfully employed outside of prison.

In Pulgados we held: "[A] sentencing court must impose CVC fees upon the satisfaction of two conditions: (1) that the defendant has been convicted of a criminal offense, including a conviction upon a plea; and (2) a determination that the defendant is or will be able to pay the CVC fee." 2020 WL 6375183, at *7 (underscoring added). We concluded that the record "was insufficient to demonstrate that [the defendant] would not remain indigent, and unable to pay the CVC fees." Id.

By contrast, in this case the circuit court's unchallenged findings of fact established that: Yamashita voluntarily applied for his plumbing job at Halawa because he wanted to work; the plumbing job will provide him with training and a skillset that will allow him to become gainfully employed outside of prison; he was in good health and faced no kind of medical issue that would prevent him from working; and he intended to work full-time once released from prison or placed on parole to support his two daughters and pay his court-ordered restitution,

7

fines, and fees.  The circuit court's imposition of CVC fees on Yamashita is supported by the unchallenged findings of fact and reflect an application of the correct rule of law.  The circuit court did not err by concluding that Yamashita will be able to pay the CVC fees.

### B.    The DDR Assessment

The DDR assessment is imposed under HRS § 706-650 (Supp. 2018).  The statute provides, in relevant part:

> §706-650 Drug demand reduction assessments; special fund.  (1)  In addition to any disposition authorized by chapter 706 or 853, any person who is:
>
> (a)    Convicted of an offense under part IV of chapter 712, except sections 712-1250.5 and 712-1257;
>
> . . . .
>
> shall be ordered to pay a monetary assessment under subsection (2), except as provided under subsection (5).
>
> (2)    Monetary assessments for individuals subject to subsection (1) shall not exceed the following:
>
> . . . .
>
> (c)    $1,000 when the offense is a class C felony;
>
> . . . .
>
> Notwithstanding sections 706-640 and 706-641 and any other law to the contrary, the assessments provided by this section shall be in addition to and not in lieu of, and shall not be used to offset or reduce, any fine authorized or required by law and shall be paid pursuant to section 706-651.[4]
>
> (3)  There is established a special fund to be known as the "drug demand reduction assessments special fund" to be administered by the department of health.  The disbursement of money from the drug demand reduction assessments special fund shall be used to supplement substance abuse treatment and other substance abuse demand reduction programs.
>
> (4)    All monetary assessments paid and interest accrued on funds collected pursuant to this section shall be deposited into the drug demand reduction assessments special fund.
>
> (5)    . . . Upon a showing by the person that the person lacks the financial ability to pay all or part of the

---

[4]    See note 3.

> monetary assessment, the court <u>may waive or reduce</u> the amount of the monetary assessment.

(Underscoring added.)

In 2CPC-18-0000215, Yamashita was convicted of Promoting a Dangerous Drug in the Third Degree in violation of HRS § 712-1243(1) (2014), a class C felony. The plain language of HRS § 706-650(5) gave the circuit court the discretion, upon a showing that Yamashita lacked the financial ability to pay the DDR assessment, to "waive or reduce the amount" of the DDR assessment. <u>See</u> <u>State v. Kahawai</u>, 103 Hawai'i 462, 465, 83 P.3d 725, 728 (2004) (noting that use of the term "may" in a statute denotes discretion). HRS § 706-651 (Supp. 2018) establishes the following priority of payments:

> When a defendant is ordered to make payments pursuant to chapters 351, 706, 846F, and 853, or as otherwise provided by law, payments shall be made in the following order of priority:
>
> (1) Restitution;
>
> (2) Crime victims compensation <u>[CVC] fee</u>;
>
> (3) Probation services fee;
>
> (4) Human trafficking victim services fee;
>
> (5) Other fees, including but not limited to internet crimes against children fee and <u>drug demand reduction assessment [DDR] fee</u>;
>
> (6) DNA analysis monetary assessment; and
>
> (7) Fines.

(Underscoring added.) Although Yamashita lacked the financial ability to pay the DDR assessment while incarcerated, the circuit court found that he will be able to pay the CVC fees after his release, and the DDR assessment is not payable until after the CVC fees are paid. The circuit court did not abuse its discretion when it did not waive Yamashita's DDR assessment, but reduced it from $1,000 to $100.[5]

---

[5] Yamashita contends that the circuit court did not in fact exercise discretion, citing <u>State v. Hussein</u>, 122 Hawai'i 495, 229 P.3d 313 (2010) for

(continued...)

9

## 2. Constitutionality

Yamashita argues that the CVC fees and DDR assessment are taxes imposed pursuant to an unconstitutional delegation of the legislature's power of taxation. Recently, in Adcock, we held that the CVC fee is a fine, not a tax, because it is a penalty imposed after a criminal conviction, it is to be paid into a special fund in the state treasury that does not reimburse payments related to the defendant's prosecution, and it makes the severity of the crime a criterion to be considered when the court orders the payment. 148 Hawaiʻi at 320-21, 473 P.3d at 781-82. The same analysis applies to the DDR assessment, which we hold is a permissible fine, not an unconstitutional tax.

### CONCLUSION

For the foregoing reasons: **(1)** the "Order of Resentencing; Revocation of Probation; Notice of Entry" entered in 2CPC-17-0000133 on May 31, 2019; **(2)** the "Judgment; Conviction and Sentence; Notice of Entry" entered in 2CPC-17-0000905, 2CPC-17-0000986, 2CPC-18-0000215, 2CPC-18-0000321, 2CPC-18-0000632, 2CPC-18-0000792, and 2CPC-18-0000828 on May 31, 2019; and **(3)** the "Findings of Fact and Conclusions of Law; Order Granting in Part and Denying in Part Defendant's Motion to Reconsider Sentence" entered in all eight cases on January 15, 2020, are affirmed.

---

[5] (...continued) the proposition that "[t]here should be evidence in the record that discretion was in fact exercised and the basis of that exercise of discretion should be set forth." Id. at 506 n.16, 229 P.3d at 324 n.16. Hussein established the prospective rule that "circuit courts must state on the record at the time of sentencing the reasons for imposing a consecutive sentence" under HRS §§ 706-668.5(2) and 706-606. Id. at 510, 229 P.3d at 328 (underscoring added). Hussein does not apply to a circuit court's discretionary decision to waive or reduce the DDR assessment under HRS § 706-650(5). Moreover, the circuit court's unchallenged findings of fact about Yamashita's employment prospects after his release from prison provide ample explanation for the circuit court's decision to reduce, rather than waive, the DDR assessment.

**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

DATED:  Honolulu, Hawaiʻi, December 11, 2020.

On the briefs:

Richard B. Rost,                    /s/ Lisa M. Ginoza
for Plaintiff-Appellee.             Chief Judge

Benjamin E. Lowenthal,              /s/ Katherine G. Leonard
for Defendant-Appellant.            Associate Judge

Kalikoʻonalani D. Fernandes,        /s/ Keith K. Hiraoka
for Amicus Curiae, Attorney         Associate Judge
General, State of Hawaiʻi.

11