83 P.3d 725

**STATE of Hawai'i, Respondent/Plaintiff–Appellee,**

v.

**Margaret H. KAHAWAI, Petitioner/Defendant–Appellant.**

**No. 25101.**

Supreme Court of Hawai'i.

Feb. 6, 2004.

Joyce K. Matsumori–Hoshijo, Deputy Public Defender, on the application for petitioner/defendant-appellant.

MOON, C.J., LEVINSON, NAKAYAMA, ACOBA, and DUFFY, JJ.

Opinion of the Court by ACOBA, J.

We hold that a sentencing court may not impose discretionary conditions of probation pursuant to Hawai'i Revised Statutes (HRS) § 706–624(2) (1993) unless there is a factual basis in the record indicating that such conditions "are reasonably related to the factors set forth in [HRS § ] 706–606" and insofar as

such "conditions involve only deprivations of liberty or property[,]" that they "are reasonably necessary for the purposes indicated in [HRS § ] 706–606(2)[.]" HRS § 706–624(2). Such a basis was lacking with respect to three conditions of probation for Petitioner/Defendant–Appellant Margaret H. Kahawai (Petitioner) imposed by the family court of the third circuit [1] (the court). Because the Intermediate Court of Appeals (ICA) affirmed two of the conditions and approved the third subject to amendment, *see State v. Kahawai*, 103 Haw. 481, 487–488, 83 P.3d 744, 750–751, 2003 WL 22969301 (App.2003), certiorari was granted on January 22, 2004.

## I.

Petitioner was charged with contacting her ex-husband, Chanley Kahawai, "and/or visiting and/or remaining within 300 yards" of his residence twice on October 11 and once on October 12, 2001, in violation of a protective order issued on July 3, 2001. In a bench trial held on April 12, 2002, Petitioner was convicted of Violation of an Order for Protection, Hawai'i Revised Statutes § 586–5.5 (1993). During sentencing Petitioner waived a pre-sentence investigation report (PSI). Respondent/Plaintiff–Appellee State of Hawai'i (the prosecution) requested an alcohol and substance abuse assessment and treatment, as necessary, as conditions of probation:

> Also the State feels that, *according to information that has been provided to the State, an alcohol and substance abuse assessment and whatever treatment that might be recommended by that assessment would be appropriate. State feels that if a PSI had been conducted, that there would have been input from various parties* regarding the necessity for the substance abuse and alcohol assessment and treatment.

Petitioner objected on the ground that nothing had been presented during the trial that warranted an alcohol and drug assessment:

> The court heard that there was [sic] very specific reasons and very specific circum-

stances. The circumstances do not include any indication of any substance abuse or alcohol problems or involvement in any of these violations. We didn't hear anything at all to suggest that she was under the influence during any of these events.

Nevertheless, in sentencing Petitioner to probation, the court imposed three special conditions relating to alcohol and substance abuse. The three conditions were as follows:

> (3) You shall obtain a substance abuse assessment from a qualified evaluator selected by your Probation Officer and to faithfully and regularly undertake the course of treatment, if any, recommended by the assessment until you are clinically discharged.

> (4) You shall submit yourself to random testing for drugs and/or for alcohol within three (3) hours after your Probation Officer has requested such testing. You will be considered to have tested positive for the substance which the Probation Officer referred you for testing if you fail to take the test. You shall always have with you sufficient monies to pay for the testing.

> (5) You shall not use any narcotic drugs or controlled substances without first obtaining a prescription for such drugs or substance.

Petitioner appealed from the April 16, 2002 Judgment, contending that the court improperly imposed probation conditions 3, 4, and 5.

A majority of the ICA,[2] in a published opinion, affirmed conditions 3 and 5, but vacated condition 4 and remanded for its amendment and re-entry in accordance with the opinion. The ICA affirmed the court's judgment and sentence entered on April 16, 2002 in all other respects. Majority opinion at 487–488, 83 P.3d at 750–751, 2003 WL 22969301.

## II.

The ICA majority held, apparently with respect to conditions 3 and 5, that "evidence of a drug or alcohol problem related to the

---

1. The Honorable Terence T. Yoshioka presided.

2. Chief Judge James S. Burns authored the opinion, joined by Associate Judge Daniel R. Foley. Associate Judge John S.W. Lim dissented.

crime for which the defendant is being sentenced is *not required* to authorize a sentence to probation under the special conditions of 'drug and alcohol assessment, ... and prohibition of drug and alcohol use[.]' " Majority opinion at 486, 83 P.3d at 749, 2003 WL 22969301 (emphasis added). Accordingly, the ICA majority concluded that

> *in every case where a defendant is sentenced to probation, the court may impose the following special conditions* of probation that were imposed in this case:

> (3) You shall obtain a substance abuse assessment from a qualified evaluator selected by your Probation Officer. . . .

> . . . .

> (5) You shall not use any narcotic drugs or controlled substances without first obtaining a prescription for such drugs or substance.

Majority opinion at 486, 83 P.3d at 749, 2003 WL 22969301 (emphasis added). The ICA majority indicated that the balance of Condition 3 and that Condition 4 "can be imposed" if an assessment discloses a substance abuse problem. Majority opinion at 486–487, 83 P.3d at 749–750, 2003 WL 22969301. Thus, as to the treatment portion of condition 3 and as to testing as required by condition 4, the ICA majority recommended that condition 4 be amended to take effect if a problem with drugs or alcohol is indicated following an assessment. Majority opinion at 487–488, 83 P.3d at 750–751, 2003 WL 22969301. The majority based its decision "on the fact that HRS § 706–624(2) (1993) [3] authorize[d] the court to impose conditions of probation that are 'reasonably related to the factors set forth in section 706–606' [4] and 'reasonably necessary for the purposes indicated in section 706–606(2)[,]' " [5] majority opinion at 486, 83 P.3d at 749, 2003 WL 22969301 (brackets omitted), and this court's decision in *State v. Morris,* 72 Haw. 67, 806 P.2d 407 (1991).

**3.** *See infra* text, Part III.

**4.** *See infra* note 6.

### III.

In her application for certiorari, Petitioner claims that the ICA erred in holding that in *every* case where a defendant is sentenced to probation, the court may impose special conditions (1) that the defendant shall obtain a substance abuse assessment (2) that if the assessment reveals a substance abuse problem the defendant shall complete treatment and be subject to alcohol and drug testing, and (3) that the defendant shall not use narcotic drugs or controlled substances without a prescription, even in the absence of a substance abuse problem related to the conviction.

Conditions of probation 3, 4, and 5 were imposed pursuant to HRS § 706–624(2). That provision states in relevant part as follows:

> (2) *Discretionary conditions.* The court *may* provide, as further conditions of a sentence of probation, *to the extent that the conditions are reasonably related to the factors set forth in section 706–606 and to the extent that the conditions involve only deprivations of liberty or property as are reasonably necessary for the purposes indicated in section 706–606(2), that the defendant:*

> . . . .

> (i) Refrain from use of alcohol or any use of narcotic drugs or controlled substances without a prescription;

> . . . .

> (k) Undergo available medical, psychiatric, or psychological treatment, including treatment for drug or alcohol dependency, and remain in a specified institution if required for that purpose;

> . . . .

> (m) Submit to periodic urinalysis or other similar testing procedure;

> (n) Satisfy other reasonable conditions as the court may impose[.]

(Emphases added.) Although not mentioned by the ICA, the authority to require a substance abuse assessment in Condition 3 ap-

**5.** *See infra* note 6.

pears to stem from HRS § 706–624(2)(n). The treatment portion of Condition 3 appears to be derived from subsection(2)(k), Condition 4 from subsection (2)(m), and Condition 5 from subsection (2)(i).

The term "may" in describing the court's power in HRS § 706–624(2) denotes discretion. "May" means, *inter alia,* "have permission to." *Webster's Third Int'l Dictionary* 1396 (3rd ed.1961). "The term 'may' is generally construed to render optional, permissive, or discretionary the provision in which it is embodied; this is so at least when there is nothing in the wording, sense, or policy of the provision demanding an unusual interpretation." *State ex rel. City of Niles v. Bernard,* 53 Ohio St.2d 31, 372 N.E.2d 339, 341 (1978); *see also Gray v. Admin. Dir. of Court,* 84 Hawai'i 138, 149, 931 P.2d 580, 591 (1997) (reasoning that the contrasting verbs "may" and "shall" when placed in close proximity as in the license revocation statute, requires a discretionary construction of the word "may"). The court thus is vested with discretion to impose the conditions set forth in HRS § 706–606, as is also confirmed by the title "discretionary conditions."

However, such discretion is not without limits and is expressly circumscribed by the provision that such conditions may be imposed "to the extent that the conditions are reasonably related to the factors set forth in [HRS] section 706–606 and to the extent that the conditions involve only deprivation of liberty ... as are reasonably necessary for the purposes indicated in [HRS] section 706–606(2)[.]" [6] HRS § 706–624(2). This qualification of the exercise of discretion is plain and unambiguous. *See State v. Kalama,* 94 Hawai'i 60, 64 8 P.3d 1224, 1228 (2000) (explaining that "where the statutory language is plain and unambiguous, [this court's] sole duty is to give effect to its plain and obvious meaning"). That the discretion afforded the court in HRS § 706–624 is subject to a reasonable relation standard is confirmed in the commentary to HRS § 706–624:

The Code seeks to focus on various appropriate conditions without limiting unduly the exercise of judicial discretion. Subsection (2) presents various authorized conditions and subsection (2)(m) [7] is intended to insure flexibility for the court in devising the imposing conditions, provided the "conditions reasonably relate to the rehabilitation of the defendant."

It is not disputed that there was "no evidence presented at trial or at sentencing to establish that [Petitioner] had a drug or alcohol problem requiring court intervention and supervision." Application at 7. It is true, as the ICA majority noted, that a sentencing judge is not limited to information from a PSI or any particular source of information in considering the sentence. Majority opinion at 487–488, 83 P.3d at 750–751, 2003 WL 22969301. This court has held that a sentencing court "is not limited to any particular source of information in considering the sentence to be imposed upon a defendant." *State v. Murphy,* 59 Haw. 1, 21, 575 P.2d 448, 461 (1978). Hence, information that may be considered by the court is not limited to evidence presented at trial or sentencing.

In its answering brief, the prosecution maintains that the prosecutor is an officer of the court and thus the "sentencing court was

6. HRS § 706–606 provides as follows:
**Factors to be considered in imposing a sentence.** The court, in determining the particular sentence to be imposed, *shall consider:*
(1) The nature and circumstances of the offense and the history and characteristics of the defendant;
(2) The need for the sentence imposed:
    (a) To reflect the seriousness of the offense, to promote respect for law, and to provide just punishment for the offense;
    (b) To afford adequate deterrence to criminal conduct;
    (c) To protect the public from further crimes of the defendant; and
    (d) To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
(3) The kinds of sentences available; and
(4) The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.
(Emphasis added.)

7. Subsection (2)(m) in HRS § 706–624 concerns substance abuse testing. The commentary's reference to (2)(m) is obviously with respect to subsection (2)(n) rather than (2)(m).

... entitled to consider the remarks of the prosecutor," and that " 'information which would not be admissible as evidence in an adversary proceeding may be brought before the court to enable it to render an informed decision on the disposition of the defendant.' " (Quoting *In Interest of Dinson,* 58 Haw. 522, 526, 574 P.2d 119, 123) (quoting *Williams v. Oklahoma,* 358 U.S. 576, 584, 79 S.Ct. 421, 3 L.Ed.2d 516 (1959)). However, as pointed out by the dissent, "the sentencing court must have *some* basis of information *before* handling down a particular sentence." Dissenting Opinion at 489, 83 P.3d at 752, 2003 WL 22969301 (emphases added).

In order for there to be a rational exercise of discretion some factual basis for imposing such probationary conditions must inhere in the record. As Petitioner contends, " '.'in any system which vests discretion in the sentencing authority, it is necessary that the authority *have sufficient and accurate information so that it may rationally exercise its discretion.'* " Application at 2 (quoting *State v. Lau,* 73 Haw. 259, 262, 831 P.2d 523, 525 (1992) (quoting Commentary on HRS § 706–601)) (brackets omitted).

This proposition is exemplified in *United States v. Safirstein,* 827 F.2d 1380 (9th Cir. 1987). In that case it was ruled that the "district court abused its discretion in sentencing Safirstein [the defendant] to the statutory maxima based upon its inference of involvement in drug trafficking, an offense which was not proven at trial and which found no support in either the record or the presentence report." *Id.* at 1386. The defendant was convicted for willfully making a false statement and willful failure to report the attempted transportation of more than $10,000. *Id.* at 1382. The district court explained that based on the information presented to the court, it assumed that the defendant was a drug trafficker.

However, the Ninth Circuit held that "[t]he record and the report could support inferences of other activities, legal or illegal, as readily as they support an inference of trafficking of narcotics.... [Therefore t]he district court's strong feelings to the contrary lacked support in the materials it had before it." *Id.* at 1386. The Ninth Circuit

concluded that the defendant was not required to refute the allegations, and thereby did not waive a challenge to the accuracy of the information. *Id.* at 1387. It therefore held that the sentence must be vacated:

> A sentence must be vacated if the district court demonstrably relies upon false or unreliable information. *Farrow v. United States,* 580 F.2d 1339, 1359 (9th Cir.1978) (en banc). *Unreasonable inferences and material assumptions which find no support in the record fall within the ambit of the Farrow rule.* A sentence based upon them is just as dependent on "misinformation of a constitutional magnitude" as a sentence predicated on unconstitutionally obtained convictions or other manner of improper and inaccurate information.

*Id.* (emphasis added). The Ninth Circuit also has held that a court may not rely on information, even when it is contained in a pre-sentencing report, which is false or lacks sufficient indicia of reliability. *United States v. Weston,* 448 F.2d 626, 634 (9th Cir.1971). In *Weston,* the court held that allegations of another crime in a pre-sentencing report made by an unidentified person in the Bureau of Narcotics and Dangerous Drugs and an unsworn statement of an agent that an informer had given him information lending support to the charge were of "so little value" that a sentence could not be predicated upon it. *Id.*

### IV.

■■■■■ At the sentencing hearing in the instant case, the "information ... provided to the State" was not made known to Petitioner or to the court, or its nature or source disclosed. The prosecution opined that "if a PSI" had issued "there would have been input from various parties regarding the necessity" of such conditions. Such purported "input" was not described or the involved parties identified. The necessary factual basis for imposing the discretionary conditions was absent. Contrary to the ICA majority's holding, then, a sentencing court is not authorized to impose "discretionary conditions" 3 and 5 or an amended version of condition 4 as suggested "in every case where a defendant is sentenced to probation" without re-

gard to factual grounds in the record indicating a reasonable relationship to the factors in HRS § 706–606 or reasonable necessity on the grounds stated in HRS § 706–606(2). Majority opinion at 486, 83 P.3d at 749, 2003 WL 22969301. Even a conditional provision suggested by the majority with respect to Condition 4 would fail to meet the reasonable relationship standard in HRS § 706–624(2). Moreover, as related by the dissent,

> a lack of "sufficient circumstances which justify the imposition of the condition" at sentencing, *Morris,* 72 Haw. at 68, 806 P.2d at 409, may not be remedied *after sentencing* by ordering a defendant to undergo a substance abuse assessment, with treatment and drug testing to kick in automatically if the evaluator decided the defendant has a substance abuse problem. This effectively deprives the defendant of her rights under HRS § 706–604, to "a fair opportunity ... to be heard on the issue of the defendant's disposition," HRS § 706–604(1); and to a "fair opportunity ... to controvert or supplement" pre-sentence reports and diagnoses. HRS § 706–604(2).

Dissenting Opinion at 489, 83 P.3d at 752, 2003 WL 22969301 (brackets omitted) (emphasis in original).

The ICA's reliance on *Morris* is not apropos. In *Morris,* the defendant pled guilty to burglary in the first degree. 72 Haw. at 68, 806 P.2d at 409. The circuit court sentenced him to five years' probation with one condition being his submission to drug testing. *Id.* at 69, 806 P.2d at 409. The defendant appealed the sentence, arguing that pursuant to HRS § 706–624, "the condition of drug testing was not reasonably related or reasonably necessary to his offense since there was no evidence that his burglary was for the furtherance of drug use." *Id.* This court held that "requiring that the probation condition of drug testing bear a reasonable relationship to the offense committed is only one of many factors the court must consider in imposing a sentence." *Id.* at 70–71, 806 P.2d at 410. The sentencing court "must also consider [the defendant's] history of past drug use, as well as the need to reflect the seriousness of not using drugs while on probation, to encourage respect for the law and

to deter future criminal conduct." *Id.* at 71, 806 P.2d at 410.

The ICA majority analogized *Morris* to the present case and concluded that "[s]imilarly, even though [Petitioner's] alleged alcohol and substance abuse habits are not directly related to her crimes, the court was authorized to impose special conditions of probation" 3, 4, and 5. Majority opinion at 487, 83 P.3d at 750, 2003 WL 22969301. As the dissent in the ICA decision indicated, there was no factual "basis of information" presented regarding Petitioner's substance abuse problem. Dissenting opinion at 489, 83 P.3d at 752, 2003 WL 22969301. In contrast, the holding in *Morris* was based on a pre-sentence report which was replete with facts justifying the imposition of the conditions there:

> [The defendant] admitted ... that he smoked six joints of marijuana daily, with his last use being between 1984–1985. He also revealed that he started drinking at about age 12, drinking an average of 14 cans of beer a day. Although he reported that he stopped drinking in 1986, Appellant indicated that he had been drinking at the time of the offense; he had consumed about five beers.

72 Haw. at 68–69, 806 P.2d at 409.

## V.

With due respect, the ICA's holding would nullify the language of HRS § 706–624(2) which describes the manner in which the sentencing court must exercise its discretion in ordering discretionary conditions. The court had no basis, other than the unsubstantiated argument of the prosecutor, in determining that substance abuse conditions were warranted. The argument of the prosecutor alone would be an insufficient basis upon which the court may rationally exercise its discretion. There was no factual basis in the record upon which to support the conclusions that Petitioner's case warranted conditions "reasonably related" or necessary pursuant to HRS § 706–606 and 706–606(2).

Without some factual grounds in the record, there can be no rational exercise of the court's discretion. Of course, on remand the sentencing court is not precluded on its own

motion from ordering a PSI. *See* HRS § 706–601(2). Accordingly, the ICA's opinion is reversed, the court's April 16, 2002 sentence is vacated, and the case remanded for resentencing.