**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-20-0000738
28-NOV-2022
07:56 AM
Dkt. 47 SO**

NO. CAAP-20-0000738


IN THE INTERMEDIATE COURT OF APPEALS
OF THE STATE OF HAWAIʻI


STATE OF HAWAIʻI, Plaintiff-Appellee,
v.
ROBERT WILLIAM DESHIELDS, Defendant-Appellant


APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
(CASE NO. 1DCW-19-0001156)


SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge and Leonard, J. with
Nakasone, J. concurring separately)


Defendant-Appellant Robert W. DeShields (**DeShields**) appeals from the Notice of Entry of Judgment and/or Order (**Judgment**) entered on November 10, 2020, in the District Court of the First Circuit, Honolulu Division (**District Court**).[1]

On April 10, 2019, Plaintiff-Appellee State of Hawaiʻi (**State**) filed a complaint alleging that DeShields intentionally, knowingly, or recklessly caused bodily injury to the complaining witness (**CW**), constituting assault in the third degree in

---

[1] The Honorable Thomas A. Haia entered the Judgment, and the Honorable Florence Nakakuni presided over DeShields's jury-waived trial and sentencing.

violation of Hawaii Revised Statutes (**HRS**) § 707-712(1)(a) (2014) (**Assault Third**).[2]

After a jury-waived trial, DeShields was found guilty of Assault Third and sentenced to one year of probation, with special conditions of substance abuse assessment and any treatment, if recommended, anger management, restitution with an ability-to-pay study, and a crime victim compensation fee of $55.

DeShields raises three points of error on appeal, contending that the District Court:  (1) erred when it prevented DeShields from cross-examining CW about whether the injuries to her hands resembled the way her hands reacted to the chemicals in the pool where she worked as a lifeguard; (2) clearly erred in its oral finding of fact that CW suffered seizures as a result of being assaulted by DeShields; and (3) erred when it imposed substance abuse counseling and treatment, if recommended, as a special condition of probation.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised, as well as the relevant legal authorities, we resolve DeShields's points of error as follows:

---

[2]     HRS § 707-712 provides, in relevant part:

> **§ 707-712  Assault in the third degree.**  (1) A person commits the offense of assault in the third degree if the person:
>
> (a)     Intentionally, knowingly, or recklessly causes bodily injury to another person[.]

(1) DeShields argues that the District Court erred in precluding cross-examination of CW concerning whether the effect that pool chemicals had on her hands resembled the injuries she attributed to DeShields when he struck her hands with his cane. When DeShields's attorney asked CW if she had a skin condition, the State objected based on relevance. The District Court asked defense counsel, "What's the relevance of this?" Counsel responded that it "goes to any possible injury claim." The court sustained the State's relevance objection.

Even assuming that testimony tending to support the defense's alternative explanation for the discoloration and/or bruises on CW's hands was relevant, the District Court's error in not allowing the testimony was harmless beyond a reasonable doubt. CW testified that DeShields hit her "viciously" with his metal cane and that she felt "horrific pain" in her hands as a result. As noted above, Assault Third consists of "[i]ntentionally, knowingly, or recklessly caus[ing] bodily injury to another person[.]" HRS § 707-712(1)(a). "Bodily injury" is defined as "physical pain, illness, or any impairment of physical condition." HRS § 707-700 (2014). In light of the entire record of the trial, including the undisputed testimony of CW that she felt horrific pain as a result of DeShields striking her with his cane, which the District Court found to be credible, there is no reasonable possibility that any error related to disallowing the skin-condition testimony might have contributed to DeShields's conviction.

(2)   DeShields argues that the District Court erred by orally finding that CW suffered seizures as a result of having been assaulted by DeShields.  However, the District Court did not find that the assault caused CW's seizures.  Rather, the District Court recounted CW's testimony that "she developed seizures right after [the assault].  She never had seizures prior.  She went back to work at Aulani after the incident on the evening of August 27, 2017.  She said she had a seizure in front of her supervisor who sent her home."  Accordingly, we conclude that DeShields is not entitled to relief based on this point of error.

(3)   DeShields argues that the District Court erred when it imposed a special condition requiring him to undergo a substance abuse assessment and treatment, if recommended. Hawai'i appellate courts have long recognized:

> [A] sentencing court may not impose discretionary conditions of probation pursuant to HRS § 706-624(2) [] unless there is a factual basis in the record indicating that such conditions "are reasonably related to the factors set forth in HRS § 706-606" and insofar as such "conditions involve only deprivations of liberty or property," that they "are reasonably necessary for the purposes indicated in HRS § 706-606(2)."

State v. Kahawai, 103 Hawai'i 462, 462-63, 83 P.3d 725, 725-26 (2004) (internal citation and brackets omitted).

HRS § 706-606 (2014) provides:

> **§ 706-606  Factors to be considered in imposing a sentence.**  The court, in determining the particular sentence to be imposed, shall consider:
>
> (1)   The nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2)   The need for the sentence imposed:

      (a)     To reflect the seriousness of the offense, to promote respect for law, and to provide just punishment for the offense;

      (b)     To afford adequate deterrence to criminal conduct;

      (c)     To protect the public from further crimes of the defendant; and

      (d)     To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3)     The kinds of sentences available; and

(4)     The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

Here, CW testified that DeShields initiated the assault because he was upset about missing pain pills. DeShields corroborated the same. It is not unreasonable to get upset if one's medication goes missing, but an extreme reaction including a physical assault is indicative of an anger management issue. As such, the record contains a factual basis for imposing the probationary condition of anger management. However, the evidence in the record indicates that the missing pain relief medicine was prescribed to DeShields. There is no evidence, for example, that DeShields's possession of his prescription pain pills was illegal or that he was abusing his prescribed pain medication. Upon review of the entirety of the evidence in the record, we conclude that there was no factual basis for imposing a probationary condition of a substance abuse assessment and possibly treatment, as well. Therefore, we further conclude that

the District Court abused its discretion in including this special condition.

For these reasons, the District Court's November 10, 2020 Judgment is affirmed as to DeShields's conviction for Assault Third; however, the District Court's sentence is vacated, and this case is remanded to the District Court for resentencing.

DATED:  Honolulu, Hawaiʻi, November 28, 2022.

On the briefs:

William H. Jameson, Jr.,
Deputy Public Defender,
for Defendant-Appellant.

Loren J. Thomas,
(Sonja M.P. McCullen
 on the briefs),
Deputy Prosecuting Attorneys,
for Plaintiff-Appellee.

/s/ Lisa M. Ginoza
Chief Judge

/s/ Katherine G. Leonard
Associate Judge

<u>**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**</u>

<u>CONCURRING OPINION BY NAKASONE, J.</u>

I agree with the Summary Disposition Order and concur separately in the result reached in the first point of error, because I would hold that the District Court did not err in sustaining the State's relevance objection. The Opening Brief (**OB**) principally relies on DeShields' testimony presented during the defense's case as the pertinent record upon which to review this claim of error,[1] which is incorrect. The relevant record upon which to review the ruling is the offer of proof made at the time the District Court ruled on the objection –- which was during the Complainant's testimony in the State's case-in-chief. <u>See</u> Hawaiʻi Rules of Evidence Rule 103(a)(2) (requiring an offer of proof to preserve error predicated upon exclusion of evidence, in which "the substance of the evidence was made known to the court by offer or was apparent from the context within which questions were asked."). An offer of proof should include "a description of the evidence and a theory of admissibility."

---

[1]     DeShields argues that:

> It is clear from the record in this case that defense counsel had a good faith basis to cross-examine [Complainant] about whether the injuries to the back of her hands were caused by or resembled the way her hands reacted to the chemicals in the pool water of the Aulani Hotel. <u>In his case-in-chief, DeShields testified that [Complainant] told him that the chemicals in the Aulani pool caused the back of her hands to become red (inflamed) and that she had to treat the redness (inflammation) with lotion</u>. Whether the injuries to the back of [Complainant's] hands were caused by or resembled the injuries that [Complainant] claimed were caused by DeShields striking her with a cane was clearly a fact of consequence which was admissible under HRE Rules 401 and 402. Therefore, it was error to exclude cross-examination of this issue because it was irrelevant.

OB at 8 (emphasis added). The cross-examination at issue occurred on the first day of trial on September 19, 2019. DeShields' testimony was not presented until the second day of trial on December 6, 2019.

Addison M. Bowman, <u>Hawaii Rules of Evidence Manual</u> § 103-3 (2020). The purpose of an offer of proof is to "provide an adequate record for appellate review and to assist the trial court in ruling on the admissibility of evidence." <u>State v. Pulse</u>, 83 Hawaiʻi 229, 248, 925 P.2d 797, 816 (1996) (citations and italics omitted).

Here, the offer of proof the District Court was given at the time of its ruling was that the "skin condition" question was relevant as it "goes to any possible injury claim."[2] The detailed relevance proffer claimed on appeal, that DeShields

---

[2] The transcript provides:

Q  [(BY DEFENSE COUNSEL)] Okay. Um, you said you worked as a lifeguard at Aulani?

A  [(BY COMPLAINANT)] Correct.

Q  Okay. Part of that lifeguard, your duties, means that you have to go into the pool?

A  Yes.

Q  And that pool is filled with chlorine?

A  Yes.

Q  Do you have a skin condition that --

[PROSECUTOR]: Objection, Your Honor. Relevance.

THE COURT: What's the relevance of this?

[DEFENSE COUNSEL]: Uh, goes to any possible injury claim, Judge, in this case.

[PROSECUTOR]: Your Honor, with regards to the skin, um, I don't think that's relevant.

THE COURT: Oh. The objection is sustained.

Transcript of September 19, 2019 Proceeding at 57, <u>State v. DeShields</u>, CAAP-20-0000738 (Apr. 5, 2021) (Judiciary Information Management System docket number 23) (pertaining to the arraignment, plea and trial in <u>State v. DeShields</u>, No. 1DCW-19-0001156 (2019)).

sought to cross-examine "whether the injuries to her hands resembled the way in which her hands reacted to the chemicals in the pool water of the Aulani Hotel where she worked as a lifeguard," OB at 7, was not presented to the District Court at the time of its ruling.  Therefore, I would conclude that the record at the time of the ruling does not reflect that a "skin condition" had any tendency to make the existence of the consequential fact of "injury" more probable or less probable under HRE Rule 401.  The District Court was not wrong in precluding further cross-examination based on the relevance proffer it was given at the time of its ruling.  See State v. Martin, 146 Hawaiʻi 365, 381, 463 P.3d 1022, 1038 (2022) (reviewing admissibility of evidence for relevance under the right/wrong standard); HRE Rules 103(a)(2), 401, and 402.

Karen T. Nakasone<br>
/s/ Associate Judge